### LARNED v. JENKINS.

(Circuit Court of Appeals, Eighth Circuit. May 1, 1901.)

No. 1,411.

1. JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTIONS—SUIT FOR POSSESSION OF MINING CLAIM.

The fact that an action is brought, pursuant to the requirements of Rev. St. § 2326, to determine the right to the possession of a mining claim, does not confer jurisdiction of such action on a federal court.

2. APPEAL—RECORD—FAILURE TO SHOW JURISDICTION.

Where a case removed from a state court is taken to a circuit court of appeals for review, either on a writ of error or by appeal, the petition for removal is an essential part of the record to enable the court to determine its own jurisdiction, without which it will not proceed to a final adjudication.

In Error to the Circuit Court of the United States for the District of Colorado.

Willard Teller (Harper M. Orahood, on the brief), for plaintiff in error.

R. S. Morrison (Jacob Fillius, on the brief), for defendant in error.

Before CALDWELL and THAYER, Circuit Judges, and ADAMS, District Judge.

THAYER, Circuit Judge. This is an adverse suit which was brought in the state of Colorado to recover the possession of a mining claim pursuant to the provisions of sections 2325 and 2326 of the Revised Statutes of the United States. The case having been tried and determined below in favor of John C. Jenkins, who was the plaintiff in the lower court, it was brought to this court on a writ of error by William Larned, the defendant below, and was argued and submitted for final decision at the present term. An inspection of the printed record, as well as of the transcript which was lodged in this court, fails to disclose that this court or any federal court has lawful jurisdiction of the cause. The complaint which was filed in the lower court does not show that the parties to the controversy are citizens of different states, and it is now well settled that the mere fact that an action is brought, pursuant to the requirements of section 2326 of the Revised Statutes, to determine who has

the better right to the possession of a mining claim, does not in and of itself establish that it is a case of federal cognizance. Mining Co. v. Rutter, 177 U. S. 505, 20 Sup. Ct. 726, 44 L. Ed. 864; Blackburn v. Mining Co., 175 U. S. 571, 20 Sup. Ct. 222, 44 L. Ed. 276. This case seems to have been brought originally in the district court of Gilpin county, Colo., and to have been transferred to the federal court; but, as the application for removal is not contained in the printed record or in the transcript, we are not advised, as we must be before a decision on the merits is reached, that the case is one which we can rightfully determine. Under the act of March 3, 1875 (1 Supp. Rev. St. U. S. p. 83), it is made the duty of this court to examine the record in every case brought before it, and order such cases to be remanded as do not fall within our jurisdiction, although the jurisdiction is not challenged by either party. Barth v. Coler, 19 U. S. App. 646, 649, 9 C. C. A. 81, 60 Fed. 466. For this reason, when a removed case is brought to this court, either on a writ of error or by appeal, the petition for removal is an essential part of the record, without which we will not proceed to a final adjudication. It may be that the petition for removal which was filed in the case at bar will disclose jurisdiction, and, as that can be supplied if counsel suggest a diminution of the record, it will now be ordered that the submission be set aside, and that the case be placed on the calendar for further argument when it shall have been made to appear by bringing up other parts of the record that the requisite jurisdiction to hear and decide the case exists.