## GARVIN, Alien Property Custodian, v. KOGLER.

(Circuit Court of Appeals, Third Circuit. April 27, 1921.)

### No. 2683.

1. **Courts ⊂⇒279—Jurisdiction of federal court must directly appear on face of bill.**

   In federal procedure, it is essential that plaintiff's right to institute the action and the jurisdiction of the court to hear it shall appear on the face of the bill by direct and positive averment.

2. **Appeal and error ⊂⇒23—Federal appellate court will raise question of jurisdiction on its own motion.**

   A federal appellate court will of its own motion deny its jurisdiction and that of the court from which the record comes, unless jurisdiction affirmatively appears, though neither party raises the point in the argument.

3. **War ⊂⇒12—Action maintainable against Alien Property Custodian only by one not enemy or ally of enemy.**

   Under Trading with the Enemy Act, § 9 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e), providing that any person not an enemy or ally of enemy claiming any interest in property transferred to the Alien Property Custodian, or to whom any debt may be owing from an enemy whose property is so transferred, may file a notice of his claim, and that if the claimant shall file such notice and make no application to the President, he may sue in equity in the District Court for the district in which he resides, and section 12 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½ff), providing that any claim of any enemy or ally of enemy shall be postponed until after the end of the war, only a person who is not an enemy or ally of enemy may sue under section 9.

4. **War ⊂⇒15—No jurisdiction of action against Alien Property Custodian when bill does not show plaintiff is not enemy, etc.**

   Federal courts have no jurisdiction of an action against the Alien Property Custodian under Trading with the Enemy Act, § 9 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e), to recover a debt due from an enemy whose property has been taken over by the custodian, where the bill does not allege that plaintiff is not an enemy or ally of enemy.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action by Edward Kogler against Francis P. Garvin, Alien Property Custodian, and another. Judgment for plaintiff, and defendant Garvin brings error. Reversed, and bill dismissed conditionally.

Frederick M. P. Pearse, Asst. U. S. Atty., of Newark, N. J., for plaintiff in error.

Otto C. Sommerich, of New York City, and Lintott, Kahrs & Young, of Newark, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Kogler brought this action in the District Court against the Alien Property Custodian and Rudolph Chillingworth under the Act of Congress of October 6, 1917, commonly known as "Trading with the Enemy Act." 40 Stat. at Large 411, 419 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115½a–3115½j).

By his bill he averred that Chillingworth was an alien enemy within the meaning of the Act, owning stock of a New Jersey corporation later acquired and sold by the Alien Property Custodian; that early in 1914 he contracted with Chillingworth to render services to the Chillingworth corporation at a monthly salary of 600 marks; that he performed these services until, on June 30, 1918, Chillingworth's indebtedness to him amounted to $7,282.80, reckoned at 23.8 cents to the mark; and that prior to the commencement of this suit he filed a claim for that sum with the Alien Property Custodian. The bill concluded with a prayer that the Custodian be decreed to pay from the proceeds of the sale of Chillingworth's stock the amount of the plaintiff's claim.

Personal service was made upon the Alien Property Custodian and constructive service upon Chillingworth. On hearing, the Alien Property Custodian stipulated with the plaintiff that he would interpose no defense to the claim as pleaded and would contest only the basis on which transmutation of the indebtedness from marks into dollars should be made. The court entered a decree against the Alien Property Custodian on the averments of the bill and against Chillingworth pro confesso for the full amount of the claim at the par value of the mark. On appeal by the Alien Property Custodian the only questions brought here and argued were: First, an allowance of fees to plaintiff's counsel; and, second, the rule governing the periods and corresponding rates at which German marks should under the contract be transmuted into American dollars.

[1, 2] Our consideration of these questions was arrested by a doubt —which later grew into conviction—that this court, as well as the trial court, is without jurisdiction of the case. It is, of course, essential in federal procedure that the right of a plaintiff to institute an action and the jurisdiction of the court to hear it shall appear on the face of the bill by direct and positive averment. Yeandle v. P. R. Co., 169 Fed. 938, 95 C. C. A. 282; Hill v. Walker, 167 Fed. 241, 92 C. C. A. 633. It is equally fundamental that a federal appellate court will of its own motion deny its jurisdiction, and that of the court from which the record comes; unless jurisdiction affirmatively appears, although neither party raise the point in the argument. King Iron Bridge & Mfg. Co. v. Otoe County, 120 U. S. 225, 7 Sup. Ct. 552, 30 L. Ed. 623; 1 U. S. Comp. St. 751, 755.

What does the bill show? In declaring on the action the plaintiff counts upon the statute. The statute provides for appropriation by the Government of enemy property during war. It also affords "any person," having an interest in enemy property so appropriated or to whom such enemy is indebted, processes by which he may reach his property in satisfaction, namely, by filing a claim with the Alien Property Custodian, and thereafter, at the option of the claimant, prosecuting his claim to the President, under certain circumstances, or instituting suit thereon in the district court of the United States for the district "in which the claimant resides." Section 9 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e).

In taking the latter procedure, the plaintiff in this case made the requisite jurisdictional averment of residence; but there he stopped. The statute, however, goes on and defines the "person" who may prosecute in the district court such a claim against enemy property by providing:

"That any person, *not an enemy, or ally of enemy*, \* \* \* to whom any debt may be owing from an enemy, or ally of enemy, whose property \* \* \* shall have been conveyed \* \* \* to the Alien Property Custodian, \* \* \* may file with the said Custodian a notice of his claim"

—and proceed for recovery thereof in one of the two ways indicated.

[3] Construing the Act by its terms as well as in the light of its purpose, it is evident that the only person given a right to prosecute a claim against property of an enemy in the hands of the Custodian is one "not (himself) an enemy, or ally of enemy," and that a district court of the claimant's residence has jurisdiction of a claim so asserted only when it positively appears that the claimant comes within this negative characterization. Any other construction of the Act would permit property which had been taken by the Government from one enemy to be immediately acquired by another and would completely defeat its purpose. As a corollary to the plain terms of Section 9 giving a person, not an enemy, the right during war to assert a claim against enemy property and conferring jurisdiction upon the district court to hear it, the Act provides under Section 12 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½ff) that the assertion of "any claim of any *enemy* or of *an ally of enemy* to any money or other property received and held by the Alien Property Custodian" shall be postponed until after the end of the war, to be prosecuted then only in such manner as Congress shall later direct.

[4] As federal courts never consciously act without jurisdiction, we hold that for want of the requisite jurisdictional averment that the plaintiff was not, at the time of the commencement of the action, an enemy or ally of enemy, the District Court was without jurisdiction to enter, and this court is without jurisdiction to review, the decree below. In consequence, the decree must be reversed, and the bill dismissed unless upon plaintiff's application, seasonably made, the District Court should, in its discretion, allow amendment making the bill conform to the Act. Pacific Mutual Life Ins. Co. v. Tompkins, 101 Fed. 539, 41 C. C. A. 488, 1 U. S. Comp. St. 704.

It is pertinent here to note that in the latter event a new case will be made, and that, in consequence, the stipulation of parties in the old case will fall.

In order to preserve to the plaintiff his status under the Act, we direct, in view of the impending formal termination of the war, that the mandate issue forthwith.