**LOCAL UNION NO. 497 OF AMALGAMATED ASS'N OF STREET & ELECTRIC RY. EMPLOYEES OF AMERICA et al. v. JOPLIN & P. RY. CO.**

(Circuit Court of Appeals, Eighth Circuit. March 3, 1923.)

No. 5983.

1. Courts ⬤⟹328(4)—Separate distinct demands uniting for purpose of giving court jurisdiction.

When two or more plaintiffs having separate and distinct demands unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

have a common and undivided interest, it is enough if their interests col-
lectively equal the jurisdictional amount, and the federal District Court
had jurisdiction of an action by members of a labor union seeking the re-
covery of over $7,000, which defendant was adjudged to pay the plaintiffs
by the court of industrial relations of Kansas; the action presenting no
controversy as to the amount of such payment to which any of the union
employees was entitled.

2. Master and servant ⬡69—Members of trade union held not entitled to recover
    under order of court of industrial relations.

    Where the court of industrial relations of the state of Kansas found
wages were unjust, and adjudged that a minimum wage scale be in force
and effect from a certain date and should be continued for 6 months, its
order in effect was a finding that wages were not unjust prior to such date
and subsequent to date of service of summons in the proceeding, and
members of a labor union *held* not entitled to recover increased rate wages
for the time between the service of the summons and such date, while the
order of the court of industrial relations continued.

In Error to the District Court of the United States for the District
of Kansas; John C. Pollock, Judge.

Action by Local Union No. 497 of Amalgamated Association of
Street & Electric Railway Employees of America and others against
the Joplin & Pittsburg Railway Company. From an adverse judg-
ment, plaintiffs bring error. Affirmed.

C. O. Pingry, of Pittsburg, Kan., for plaintiffs in error.

Clyde Taylor, of Kansas City, Mo. (John P. Curran, of Pittsburg,
Kan., on the brief), for defendant in error.

Before SANBORN and KENYON, Circuit Judges.

SANBORN, Circuit Judge. Local Union No. 497 of Amalgamated
Association of Street & Electric Railway Employees of America, an
unincorporated union, the principal office and place of business of
which was in the state of Kansas, and its officers, who were citizens
and residents of that state, hereafter called the plaintiffs, brought an
action in the district court of Crawford county, Kan., on behalf of the
members of the union collectively, as they were expressly authorized
to do by section 23 of the act of the Legislature of Kansas, creating
the court of industrial relations (Laws Kan. Sp. Sess. 1920, pp. 35, 46,
against the Joplin & Pittsburg Railway Company, a corporation of the
state of Missouri, their employer, hereafter defendant, to recover
$7,271.47 and interest from May 1, 1920, which they alleged the court
of industrial relations, by its findings and order of April 23, 1920, had
in legal effect adjudged, after the trial and hearing of the controversy
between the plaintiffs and defendant regarding wages were due to
the members of the union employed by the defendant for their serv-
ices between March 3, 1920, and May 1, 1920. The defendant an-
swered that the findings and order of the court of industrial relations
referred to in the complaint fixed and prescribed a minimum wage
scale that "should be put in force and effect on the 1st day of May,
1920, and should continue in force for a period of 6 months there-
after," and made an order that this wage scale "be in effect on May 1,
1920, and continue six months thereafter, unless changed by agree-

  ⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ment of the parties with the approval of the court"; that the defendant obeyed the order and paid the members of the union it employed according to that scale during that 6 months. The defendant also denied in its answer that the court of industrial relations had ever found, or had ever by order established, any minimum wage scale for the time between March 3, 1920, and May 1, 1920, and alleged that it had paid the members of the union during that time at the rate of wages prescribed by a prior contract between the plaintiffs and the defendant, which was during that time in full force.

The defendant removed the case from the state court to the court below; a motion was made by the plaintiffs to remand it, which was overruled; a jury was waived; the court tried the case, found the facts as stated by the defendant in its answer, and rendered a judgment in its favor.

The first specification of error made by the plaintiffs is that the court below overruled their motion to remand this case to the state court, and this assignment rests on the fact that while the aggregate demands of the employed members of the union, in whose behalf the plaintiffs sued, amount to $7,271.47, no separate demand of any one of them exceeds $100. The test by which the question thus presented must be determined is this:

[1] When two or more plaintiffs having separate and distinct demands unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount. Walter v. Northeastern Railway Co., 147 U. S. 370, 13 Sup. Ct. 348, 37 L. Ed. 206; Rogers v. Hennepin County, 239 U. S. 621, 36 Sup. Ct. 217, 60 L. Ed. 469; Title Guaranty Co. v. Allen, 240 U. S. 136, 140, 36 Sup. Ct. 345, 60 L. Ed. 566. But when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount. Shields v. Thomas, 58 U. S. (17 How.) 2, 4, 15 L. Ed. 93; Troy Bank v. Whitehead & Co., 222 U. S. 39, 32 Sup. Ct. 9, 56 L. Ed. 81; Davies v. Corbin, 112 U. S. 36, 40, 47, 5 Sup. Ct. 4, 28 L. Ed. 627; New Orleans Pacific Railway Co. v. Parker, 143 U. S. 42, 51, 12 Sup. Ct. 364, 36 L. Ed. 66; Illinois Central Ry. v. Adams, 180 U. S. 28, 39, 21 Sup. Ct. 251, 45 L. Ed. 410. The statutes of the United States provide that its District Courts shall have jurisdiction of all civil suits wherein the matter in controversy exceeds, exclusive of interest and costs, $3,000, and is between citizens of different states. U. S. Comp. Stat. § 991; Judicial Code, § 24. Note that it is not necessarily the amount of the claim or demand of each party, but the amount of the matter in controversy between the citizens of different states, that must exceed the $3,000. This action is brought by or upon behalf of the employees, members of the union, collectively, to recover the amount alleged to have been in effect adjudged to be due to them by the finding and order of the industrial court of April 23, 1920. This action was and is founded on that finding and order. The plaintiffs alleged in their complaint, and the defendant denied in its answer, and still denies, that that finding and order in effect adjudged that the defendant owed and should pay to the employees, the

members of the union, collectively, $7,271.47, and this was and is the sole matter in controversy between them in this action. This action presents no controversy between them as to the share of this amount to which any of the union employees is or will be entitled, or as to the amount owing to him individually. The only controversy between the plaintiffs and the defendant is whether or not by reason of the order and finding of the industrial court the defendant was in legal effect adjudged to pay the plaintiffs the $7,271.47, or any of it.

In Shields v. Thomas, 58 U. S. (17 How.) 3, 4, 15 L. Ed. 93, John Goldsberry, of Kentucky, died intestate, leaving a large personal estate, to which his representatives, after his decease, were entitled, but of which Shields obtained possession. These representatives brought suit against Shields in equity in a court in Kentucky, setting forth in their complaint their respective claims, and obtained a decree, which not only adjudged the aggregate amount Shields should pay them, but apportioned this amount among the plaintiffs, and decreed the specific sums Shields should pay to each of the plaintiffs respectively. Shields lived in Iowa, and some of the plaintiffs in the Kentucky suit, none of whose claims was equal to the jurisdictional amount, but the aggregate of which exceeded that amount, brought a suit against Shields in the United States court in Iowa on this decree in Kentucky, and were met with the same objections presented in the case at hand. Chief Justice Taney delivering the unanimous opinion of the Supreme Court, said:

"But the court think the matter in controversy, in the Kentucky court, was the sum due to the representatives of the deceased collectively, and not the particular sum to which each was entitled, when the amount due was distributed among them, according to the laws of the state. They all claimed under one and the same title. They had a common and undivided interest in the claim, and it was perfectly immaterial to the appellant, how it was to be shared among them. He had no controversy with either of them on that point, and if there was any difficulty as to the proportions in which they were to share, the dispute was among themselves, and not with him. * * * This being the controversy in Kentucky, the decree of that court, apportioning the sum recovered among the several representatives, does not alter its character when renewed in Iowa. So far as the appellant is concerned, the entire sum found due by the Kentucky court is in dispute. He disputes the validity of that decree, and denies his obligation to pay any part of the money. And if the appellees maintain their bill, he will be made liable to pay the whole amount decreed to them. This is the controversy on his part, and the amount exceeds $2,000. We think the court, therefore, has jurisdiction on the appeal."

For the reasons stated in this opinion of the Supreme Court, this court is of the opinion that the court below had jurisdiction of the case in hand, and that there was no error in the denial of the motion to remand it to the state court.

The only other alleged error is that the court below refused to hold and adjudge that the finding and order of the industrial court of April 23, 1920, which prescribed a minimum wage scale for the period of six months from May 1, 1920, to November 1, 1920, had the legal effect of prescribing and fixing that scale from March 3, 1920, to May 1, 1920, because section 23 of the act creating the court of industrial relations provided that any order made by that court

as to a minimum wage scale should be reasonable and just, and if in excess of the wages theretofore paid should entitle the workers in interest to recover that wage scale from the date of the service of the summons in the proceeding before that court, which, in this case was March 3, 1920, notwithstanding the fact that, in the finding of the court of industrial relations and in its order of April 23, 1920, that court found and adjudged that the minimum wage scale it prescribed should be put in force and effect on May 1, 1920, and should be continued for 6 months, unless changed by agreement of the parties with the approval of the court.

The act creating the court of industrial relations required that court to state specifically in its finding the terms and conditions upon which the industry under consideration should be conducted, and to serve its findings on the parties in interest (section 7); that the terms, conditions, and standard of wages so fixed by that court should continue for such reasonable time as might be fixed by it, or until changed by the parties with the approval of the court; that if either party complied with the order for 60 days, and deemed it unjust or unreasonable, such party might apply to that court for a modification thereof (section 8); and that if either party to the controversy felt aggrieved at any order made by that court such party might within 10 days after the order was served upon it bring proper proceedings in the Supreme Court of Kansas to compel the court of industrial relations to make a just and reasonable order in the premises (section 12). So it was that, if the finding or order of the court of industrial relations was erroneous or unjust or unreasonable, because it did not fix the 6 months term of the effect of its order 57 days earlier than May 1, 1920, the plaintiffs had ample opportunities during the term fixed to correct that order or injustice, none of which they embraced, but, on the other hand, they collected and received the wages fixed by the order for the full term of 6 months after May 1, 1920.

[2] Counsel for the plaintiffs argue that in this action, based upon the order of the court of industrial relations alone, the order which specifically adjudged and ordered that the minimum wage scale it prescribed should be first put in force and effect on May 1, 1920, and therefore that it should not be in effect before that time, the court below had jurisdiction to put, and ought to have put, that wage scale in force for a term of 57 days prior to that time, for the following reasons: First. Because the true construction of the order of the court of industrial relations is that the wage scale it fixed took effect March 3, 1920, in view of the provision of the act creating it that all wage scales prescribed by it should take effect from the respective times of the services of the summonses; but the clear and plain terms of the finding and order of that court, leave no doubt that it intended to and did adjudge that such scale should not take effect before May 1, 1920. Second. Because the statute fixed the time when the minimum wage scale prescribed should take effect, and it was unnecessary for the court of industrial relations to adjudge that time. But it was necessary for that court to determine how long—during what time—the minimum wage scale it prescribed was reasonable and just, and

should be in effect, and it never determined or adjudged that it was reasonable or just during any time anterior to May 1, 1920, but evidently determined and adjudged that it was not so, and the court below in this action, on that finding and judgment, could not lawfully have modified it, and given judgment in favor of the plaintiffs on that modification. It had no jurisdiction to fix the wage scale for the time anterior to May 1, 1920. Third. Because, in view of the provision of the statute that the minimum wage scale fixed by the court of industrial relations should take effect from the time of the service of the summons, that part of its order which fixed the time for it to take effect later was void. But if that part of the order were void (a) nevertheless, there was no finding or order of the court of industial relations that the minimum wage scale it fixed for the 6 months subsequent to April 30, 1920, was just or reasonable for any time prior to that date, but there was in reality a finding and order that it was not so; (b) nor if the statute had the effect to cause the time of the effectiveness of the order to commence on March 3, 1920, was there any finding or order that it should continue after that date until May 1, 1920, but, on the other hand, the order in effect was that it should not continue in effect between March 3, 1920, and May 1, 1920, a matter of which the act creating the court expressly gave that court jurisdiction, and without such a finding and order there was no basis for a judgment of the court below for the payment of the minimum wage scale fixed by the industrial court between March 3, and May 1, 1920. Moreover, while the order in this regard may have been erroneous, and might have been reversed or modified by the court that made it, or by the Supreme Court of Kansas, it was not void, because if, by virtue of the statute, the period of the effectiveness of the order commenced on March 3, 1920, the court of industrial relations had express power and jurisdiction to determine how long the order should continue, and where a court has jurisdiction to hear and determine an issue, right or wrong, under any circumstances, while its adjudication may be erroneous or voidable, it is not void. It is valid until avoided, and not void until validated.

The result is that there was no error in the trial or the decision of this case in the court below, and its judgment must be affirmed. It is so ordered.