### ELLIOTT v. EMPIRE NATURAL GAS CO. et al.

(Circuit Court of Appeals, Eighth Circuit. April 14, 1924.)

#### No. 6413.

1. **Courts ⊚⟹280—Duty of federal court to examine question of its jurisdiction.**
   It is the duty of a federal court, even though its jurisdiction is not challenged by either party, to raise the question on its own motion, where the record does not affirmatively show jurisdiction.
2. **Courts ⊚⟹280—Record held not to show jurisdiction in federal court.**
   The record in a suit *held* not to show jurisdiction in a federal court under any of the provisions of Judicial Code, § 24, as amended (Comp. St. § 991).

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit in equity by Earl C. Elliott against the Empire Natural Gas Company and others. Decree for defendants, and complainant appeals. Submission set aside, and leave given to suggest diminution of record.

Robert C. Foulston, of Wichita, Kan., and John H. Connaughton, of Hutchinson, Kan. (George Siefkin, of Wichita, Kan., on the brief), for appellant.

Robert D. Garver, of Bartlesville, Okl. (H. O. Caster, of Bartlesville, Okl., on the brief), for appellees.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

KENYON, Circuit Judge. This is an action originally brought in the district court of Sedgwick county, Kan., and removed from that court to the District Court of the United States for the District of Kansas, Second Division, in which appellant (plaintiff there) asked an injunction restraining appellees from discontinuing and cutting off the supply of natural gas which they had been furnishing to appellant, or from collecting or attempting to collect, by means of such coercion, the sum of $16, which appellees claim to be due them by virtue of a certain order of the Public Utilities Commission of the state of Kansas,

made and entered on the 22d day of December, 1919, permitting them to charge $2 per month in addition to rates theretofore charged.

[1] Neither party challenged the jurisdiction of the trial court or of this court, but our study of the record has convinced us that this court, as well as the trial court, is without jurisdiction. It is the duty of the federal court, even though its jurisdiction is not challenged by either party, to raise the question upon its own motion, where the record does not affirmatively show jurisdiction. Garvin v. Kogler (C. C. A.) 272 Fed. 442; Norton et al. v. Larney (C. C. A.) 289 Fed. 395; Chicago, Burlington & Quincy Ry. Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521. The record here shows no jurisdiction in the trial court to hear this case. Yeandle et al. v. Pennsylvania R. Co., 169 Fed. 938, 95 C. C. A. 282; Hill et al. v. Walker, 167 Fed. 241, 92 C. C. A. 633; Garvin v. Kogler (C. C. A.) 272 Fed. 442.

Section 991 of the Compiled Statutes (being section 24 of the Judicial Code as amended) provides for the original jurisdiction of the United States District Courts. This case does not come under paragraph 1 of said section 24 of the Judicial Code, providing for jurisdiction of civil suits in the District Court where the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000, and is between citizens of different states. This court pointed out in Local Union No. 497 of Amalgamated Association of Street & Electric Ry. Employees of America et al. v. Joplin & P. Ry. Co., 287 Fed. 473, that it was not the claim or demand of each party, but the amount of the matter in controversy between citizens of different states, that must exceed the $3,000. The matter in controversy here is the right to collect from appellant the $2 extra charge per month for supplying natural gas allowed by the Public Utilities Commission of the state of Kansas, and to collect the $16 accrued for such extra monthly charge by turning off the supply of gas being furnished. No value is shown as to the claimed right to make the extra monthly charge. Hence, instead of the necessary jurisdictional amount, there is apparently only $16 involved. Nor is the case embraced within the remaining paragraphs of section 991, Compiled Statutes (section 24, Judicial Code, as amended) which provide for the jurisdiction of certain cases in the United States District Court, even though the amount in controversy does not exceed the $3,000, provided under the first paragraph of section 991 (section 24, Judicial Code, as amended).

The case does not come under those which might be designated as class cases, where several plaintiffs unite to enforce a single right, in which they have a common and undivided interest, and their interests collectively equal the jurisdictional amount, as discussed by this court in Local Union No. 497, etc., v. Joplin & P. Ry. Co., 287 Fed. 473. It may be that a more complete record of the trial court's proceedings, including the petition for removal, will disclose jurisdiction.

Following the procedure laid down by this court in Larned v. Jenkins, 109 Fed. 100, 48 C. C. A. 252, we therefore order the submission of this case set aside, and the same replaced upon the calendar, with permission to counsel on either side to suggest a diminution of the record, and to bring, if possible, other parts of the record to the attention of the court as bearing on the question of jurisdiction.