## DOWNER v. GOODWIN et al.

(Circuit Court of Appeals, Eighth Circuit. November 17, 1925.)

No. 6879.

1. Courts ⬦405(16)—Federal court cannot determine case on merits, where petition for removal not part of record, and no ground of federal jurisdiction shown.

Jurisdiction of federal court never being presumed, Circuit Court of Appeals could not determine merits of case removed from state court, where petition for removal was not made a part of record, and no ground of federal jurisdiction was shown by record.

2. Courts ⬦406(2)—Where record did not show jurisdiction, submission set aside and case replaced on calendar, with permission to counsel to suggest diminution of record and to bring up necessary parts.

Where petition for removal from state to federal court was not made a part of the record, which therefore did not show jurisdiction in federal court, submission will be set aside and case replaced on calendar, with permission to counsel to suggest diminution of record and bring up petition and other necessary parts of the record.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by George J. Downer against E. M. Goodwin and others removed from state court. Defendants' demurrer to plaintiff's petition was sustained, and plaintiff brings error. Submission of case set aside and case replaced on calendar, with permission to counsel to suggest a diminution of the record.

R. J. Higgins, of Kansas City, Kan. (Fred Robertson, of Kansas City, Kan., on the brief), for plaintiff in error.

William C. Lucas, of Kansas City, Mo. (John H. Lucas, of Kansas City, Mo., on the brief), for defendants in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is an action by George J. Downer, hereinafter called plaintiff, against E. M. Goodwin and R. E. Harman, hereinafter called defendants, to recover moneys in the hands of the defendants, aggregating $7,000, alleged to have been paid to them as agents of the plaintiff. It was commenced originally in the district court of Scott county, Kan., and thereafter removed to the District Court of the United States for the District of Kansas. After the cause was removed, defendants interposed a demurrer to plaintiff's petition. The trial court sustained the demurrer and dismissed the petition. From the judgment of dismissal the plaintiff sued out a writ of error to this court.

The only part of the proceedings on removal set forth in the record here is the petition filed by the plaintiff in the state court. The petition for removal and the order of removal are not in this record.

[1] The national courts are courts of limited jurisdiction. In them jurisdiction is never presumed. It must appear affirmatively. Grace v. American Central Insurance Co., 109 U. S. 278, 283, 3 S. Ct. 207, 27 L. Ed. 932; Turner, Adm'r, v. Bank of North America, 4 Dall. 8, 11, 1 L. Ed. 718. The record here nowhere discloses the citizenship of the parties. Neither diversity of citizenship nor any other ground of federal jurisdiction is shown. Therefore we cannot proceed to a determination of the merits.

In Larned v. Jenkins (C. C. A. 8) 109 F. 100, 48 C. C. A. 252, this court said:

"Under the Act of March 3, 1875 (1 Supp. Rev. St. U. S. p. 175), it is made the duty of this court to examine the record in every case brought before it, and order such cases to be remanded as do not fall within our jurisdiction, although the jurisdiction is not challenged by either party. Barth v. Coler, 19 U. S. App. 646, 649, 9 C. C. A. 81, 60 F. 466. For this reason, when a removed case is brought to this court, either on a writ of error or by appeal, the petition for removal is an essential part of the record, without which we will not proceed to a final adjudication. It may be that the petition for removal which was filed in the case at bar will disclose jurisdiction, and, as that can be supplied if counsel suggest a diminution of the record, it will now be ordered that the submission be set aside, and that the case be placed on the calendar for further argument when it shall have been made to appear by bringing up other parts of the record that the requisite jurisdiction to hear and decide the case exists."

See, also, Elliott v. Empire Natural Gas Co. et al. (C. C. A. 8) 298 F. 299.

[2] It may be that the petition for removal in this case will show jurisdiction. For that reason, it is ordered that the submission of the case be set aside, and that the case be replaced upon the calendar with permission to counsel on either side to suggest a diminution of the record and bring up the petition on removal and other parts of the record that may show jurisdiction to hear and decide the case on the merits.