## WHITMAN *v.* HUBBELL, Treasurer, etc.

### (*Circuit Court, S. D. New York.* February 22, 1887.)

1. REMOVAL OF CAUSES—AMOUNT IN DISPUTE.
    In a suit to restrain the maintenance by defendant of an awning over a part of a street adjoining the plaintiff's premises, the matter in dispute is the value of the right to maintain the awning, and not the amount of damage done by it to plaintiff. The value of such right held to be more than $500, within the meaning of Act of March 3, 1875, (18 St. U. S. 470, § 2,) relating to removal of causes from state courts to United States courts.

2. SAME—CITIZENSHIP—DEFENDANT SUED IN REPRESENTATIVE CAPACITY.
    The representative character of a party does not affect his right of removal of the cause from a state court to the United States circuit court. It depends upon his citizenship alone, without regard to that of those whom he represents, or of those who are interested in the controversy, but are not parties to the record.

3. PARTIES — PRESIDENT OR TREASURER OF JOINT-STOCK ASSOCIATION — SUED ALONE—CODE CIVIL PROC. N. Y. §§ 1919, 1923.
    Under sections 1919, 1923, Code Civil Proc. N. Y., suit may be brought by or against the president or treasurer of a joint-stock association, instead of joining all the individual members.

In Equity.
*Ira D. Warren,* for plaintiff.
*Clarence A. Seward,* for defendant.

WHEELER, J. The plaintiff is a citizen of New York, and the defendant of Connecticut. The Adams Express Company is a joint-stock association of New York. This suit was brought in the state court to restrain the maintenance of an awning over a part of Great Jones street adjoining the plaintiff's premises. The defendant removed the cause into this court. The plaintiff moved to have it remanded because as he says the matter in dispute does not exceed the sum or value of $500, and there is not a controversy in it between citizens of different states. Act of March 3, 1875, (18 St. 470, § 2.) The matter in dispute is the value of the right to maintain the awning, not the amount of damage done by it to the plaintiff. *Railroad Co.* v. *Ward,* 2 Black, 485. This appears to be more than $500. The Adams Express Company is a partnership, and not a corporation. It has no existence apart from the members, and does not appear to be of itself a citizen of any place. The law of the state permits suit to be brought by or against the president or treasurer of such an association, instead of joining all the individual members. Code Civil Proc. §§ 1919, 1923. When an action is so brought, no action can be brought against the members except on failure to obtain satisfaction of the judgment. Section 1921. The officer is the only defendant on the record, although he represents the association, and the execution against him, if obtained, is to be satisfied out of the assets of the association. Section 1921. The controversy is therefore between citizens of different states in this case, although others who may or may not be citizens of the same state with the plaintiff are

interested in the controversy. The representative character of a party does not affect his right of removal. It depends upon his citizenship alone, without regard to that of those whom he represents, or of those who are interested in the controversy, but are not parties to the record. *Marshall* v. *Railroad Co.*, 16 How. 314; *Knapp* v. *Railroad Co.*, 20 Wall. 117.