### STUDEBAKER v. SALINA WATERWORKS CO.

(District Court, D. Kansas, First Division. April 3, 1912.)

No. 1,217.

REMOVAL OF CAUSES (§ 86*)—AMOUNT IN CONTROVERSY—SUFFICIENCY OF ALLEGATIONS.

Where it was alleged in a petition for removal filed by a water company that the suit involved the right of defendant under its franchise to establish a meter service and charge meter rates to its customers, and that the value of such right exceeds $2,000, exclusive of interest, and costs, which allegations are not denied, the value of such right of defendant, and not that of complainant sought to be enforced must be taken as that involved, and on the record the cause is removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. § 86.*]

In Equity. Suit by W. G. Studebaker against the Salina Waterworks Company, removed into the Circuit Court for the First division of the district of Kansas, by operation of law into the District Court, and heard on motion to remand to state court. Motion denied.

Thos. L. Bond and H. C. Tobey, of Salina, Kan., for plaintiff.
Harkless & Histed, of Kansas City, Mo., for defendant.

POLLOCK, District Judge. This suit was brought by complainant in the state court to secure injunctive relief against defendant, restraining it from cutting off his water service threatened by defendant because of complainant's refusal to pay for metered water service furnished him by defendant company under its rules and regulations in force in the transaction of its business affairs. Defendant has removed the case into this court. Complainant moves to remand.

The requisite diversity of citizenship exists between the parties to confer jurisdiction on this court. The ground of the motion to remand is want of sufficient amount in controversy to confer jurisdiction on the court. The petition filed in the state court by complainant avers:

"Said corporation (meaning defendant) claims to have a franchise from the city of Salina authorizing it to furnish water to the residents of said city and claims such right under and by virtue of Ordinance No. 372 adopted by the mayor and council of the city of Salina on the 20th day of March, 1883. Under said ordinance said defendant and its predecessors have constructed a system of waterworks in said city, and have for many years been furnishing water to said city of Salina and the inhabitants thereof."

In the petition for removal filed by defendant, it is charged, as follows:

"That said suit is of a civil nature, wherein is involved the question of the right of your petitioner to establish and maintain in the operation of

---

its waterworks plant in the city of Salina, a metered service and to charge a meter rate therefor, and that the amount and value in controversy in this action exceeds, exclusive of interest and costs, the sum of two thousand ($2,-000.00) dollars."

The motion to remand reads:

"Now comes the said plaintiff, and moves the court to remand this suit to the district court of Saline county, Kan., from which court it was attempted to be removed for the reason that this suit does not really and substantially involve any dispute or controversy properly within the jurisdiction of this court, and this court has no jurisdiction of this suit under said attempted removal."

It is manifest such motion merely searches the record. It contains no denial of any matter well pleaded in the petition for removal. Hence, taking the averments of the petition filed in the state court, together with the allegations of the petition for removal, which stand confessed for want of answer, plea, or other proper denial thereof, the case presented is one in which there is involved the right of defendant company to transact its business affairs, as by it attempted in this case, with all its customers in the city of Salina, and the value of this right, and not the amount demanded of complainant is the subject-matter involved in the controversy with complainant. The value of this right defendant alleges to be in excess of the amount necessary to confer jurisdiction on this court. Hence, as the allegation of amount in controversy stands admitted for want of denial, under repeated adjudications of the federal courts, this court has jurisdiction of the controversy. Hunt v. N. Y. Cotton Exchange, 205 U. S. 333, 27 Sup. Ct. 529, 51 L. Ed. 821; Larabee v. Dolley (C. C.) 175 Fed. 365, and cases there cited; State of Ark. v. M., K. & T. Coal Co. (C. C.) 96 Fed. 353; Texas & Pacific Railway Co. v. Kuteman, 54 Fed. 547, 4 C. C. A. 503; South Dakota v. C. M. & St. P. Ry. Co., 141 Fed. 578, 73 C. C. A. 176; Amelia Milling Company v. Railroad (C. C.) 123 Fed. 811.

The motion to remand must be overruled.

Complainant is required, if so advised by his solicitors, to recast his bill in this case by the May rules of this court. It is so ordered.