## MARTIN v. CITY WATER CO. OF CHILLICOTHE, MO.

(District Court, W. D. Missouri, W. D. July 27, 1912.)

No. 3,798.

1. REMOVAL OF CAUSES (§ 107*)—AMOUNT IN CONTROVERSY—SUFFICIENCY OF ALLEGATIONS.

Where a petition for removal filed by a water company alleged that the suit by a patron involved the question of the right of the company to maintain a metered service and to charge a meter rate, and that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amount in controversy exceeded, exclusive of interest and costs, $3,000, a motion to remand averring that the court had no jurisdiction because the amount in controversy did not exceed $100, and could not involve $3,000, though treated as a plea to the jurisdiction, must be overruled in the absence of proof to support it, especially where plaintiff based his right to enjoin the company from changing the rates on contracts binding it to furnish water at flat rates for an indefinite period.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–234; Dec. Dig. § 107.*

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

2. REMOVAL OF CAUSES (§ 107*)—AMOUNT IN CONTROVERSY—BURDEN OF PROOF.

A plaintiff moving to remand a cause to the state court has the burden of proving that the amount involved is less than the jurisdictional amount.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–234; Dec. Dig. § 107.*]

3. REMOVAL OF CAUSES (§ 107*)—AMOUNT IN CONTROVERSY—ALLEGATION OF VALUE—CONCLUSIVENESS.

Where the maintenance of rates by a water company for water supply is the subject of dispute, and the object of a bill is to restrain it from increasing its rates, the alleged amount in controversy in a petition for removal to the federal court must govern until the contrary is conclusively shown.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–234; Dec. Dig. § 107.*]

In Equity. Suit by L. A. Martin against the City Water Company of Chillicothe, Mo. Motion to remand to state court overruled.

L. A. Martin, of Chillicothe, Mo., pro se.

James H. Harkless and Harkless, Crysler & Histed, all of Kansas City, Mo., for defendant.

VAN VALKENBURGH, District Judge. Plaintiff brought his suit in the circuit court of Livingston county, Mo., to restrain the defendant from raising or changing the rates of service for water supplied to plaintiff, and from refusing to supply plaintiff with water at the rate theretofore charged. The bill involves the right of the defendant Water Company to regulate the rates of water supply in Chillicothe under a metered service, and also the construction of a certain ordinance franchise granted to defendant by the city of Chillicothe, and certain alleged contracts between the said city and defendant, and between the defendant and plaintiff as a consumer of water in said city. A temporary injunction was granted by the state court, and defendant then filed its petition for removal, alleging diversity of citizenship, and further:

"That said suit is of a civil nature, wherein is involved the question of the right of your petitioner to establish and maintain in the operation of its waterworks plant in the city of Chillicothe, a metered service and to charge a meter rate therefor, and that the amount and value in controversy in this action exceeds, exclusive of interest and costs, the sum of three thousand dollars ($3,000)."

[1] To this plaintiff filed a "motion to remand" upon the following ground:

> "This court has no jurisdiction of this cause, for the reason that the amount involved in controversy in this cause does not exceed in the aggregate total one hundred dollars ($100), and cannot by any possible stretch of the human imagination be made to involve the sum of three thousand dollars ($3,000) for to bring the said cause within the jurisdiction of the District Court of the United States."

In his petition plaintiff alleges that the water is being supplied under the terms of the ordinance which prescribes certain meter rates; that heretofore no meter has been employed, but that prior to the bringing of this suit defendant unlawfully entered upon the premises of plaintiff, cut his pipes, and installed a certain apparatus called a water meter; that by virtue of the consumption indicated by such meter or meters an excessive rate is charged him; that plaintiff had with defendant certain contracts of long standing by which defendant agreed to furnish water to plaintiff at certain flat rates for an indefinite period. Plaintiff prays that defendant be perpetually enjoined from raising or changing the rates of service for water supplied. In other words, that he has a perpetual contract with defendant at rates which he claims can never be changed; also, that defendant must continue to furnish water at such rates or retire from business. Plaintiff urges that the only subject-matter involved is the amount of water rates to him; that this falls far below the amount conferring jurisdiction upon this court. Defendant asserts that the suit also carries with it the question of its right to operate under its ordinance franchise, and to control and regulate its own business.

In the case of Studebaker v. Salina Waterworks Co. (D. C.) 195 Fed. 164, originally filed in the District Court of Saline county, Kan., and removed to the federal court for the District of Kansas, the plaintiff after reciting that the defendant company had charged him for water for the year 1911 the sum of $21.80, "which is more than it has authority to charge for the year 1911, and more than a reasonable charge for such water," prayed that the defendant be restrained from interfering with plaintiff's use of the water, upon refusal to pay such alleged excessive rate. As in the case at bar, the defendant in its petition for removal alleged that the suit involved the question of the right of petitioner to establish and maintain in the operation of its waterworks plant in the city of Salina, a metered service and to charge a meter rate therefor, and that the amount and value in controversy exceeded the jurisdictional amount—at that time $2,000. The motion to remand was as follows:

> "Now comes the said plaintiff and moves the court to remand this suit to the district court of Saline county, Kansas, from which court it was attempted to be removed for the reason that this suit does not really and substantially involve any dispute or controversy properly within the jurisdiction of this court, and this court has no jurisdiction of this suit under said attempted removal."

There, as here, the requisite diversity of citizenship existed between the parties, and the ground of the motion to remand was want of

sufficient amount in controversy to confer jurisdiction on the federal court.

In overruling the motion to remand Judge Pollock said:

"It is manifest such motion merely searches the record. It contains no denial of any matter well pleaded in the petition for removal. Hence, taking the averments of the petition filed in the state court, together with the allegations of the petition for removal, which stand confessed for want of answer, plea, or other proper denial thereof, the case presented is one in which there is involved the right of defendant company to transact its business affairs, as by it attempted in this case, with all its customers in the city of Salina; and the value of this right, and not the amount demanded of complainant, is the subject-matter involved in the controversy with complainant. The value of this right defendant alleges to be in excess of the amount necessary to confer jurisdiction on this court. Hence, as the allegation of amount in controversy stands admitted for want of denial, under repeated adjudications of the federal courts, this court has jurisdiction of the controversy." Hunt v. N. Y. Cotton Exchange, 205 U. S. 333, 27 Sup. Ct. 529, 51 L. Ed. 821; Larabee v. Dolley (C. C.) 175 Fed. 365, and cases there cited; State of Ark. v. K. & T. Coal Co. (C. C.) 96 Fed. 353; Texas & Pacific Ry. Co. v. Kuteman, 54 Fed. 547, 4 C. C. A. 503; South Dakota Cent. R. Co. v. C., M. & St. P. Ry. Co., 141 Fed. 578, 73 C. C. A. 176; Amelia Milling Co. v. Railroad (C. C.) 123 Fed. 811.

There can be no doubt that the ruling in that case was correct upon the issues presented by the pleadings. It is obvious that the two cases are alike, unless the language of the motion to remand in this case be construed to interpose a denial of the matter well pleaded in the petition; in other words, unless it is, in effect, a plea to the jurisdiction of the court. It is denominated a motion to remand, and it may be doubted if its allegations go farther than to make more specific the objection to the jurisdiction involved in the language of the motion in the Studebaker Case. No testimony was offered at the hearing; counsel arguing that from the face of the pleadings it appeared that only the amount of the water rate was involved. Also, attached to the brief of counsel for plaintiff is the ordinance with the city of Chillicothe, which, if considered, discloses nothing conclusive upon this point.

[2] The burden is, of course, on the plaintiff to show that the amount involved is less than the jurisdictional amount. Hunt v. N. Y. Cotton Exchange, 205 U. S. 322, 27 Sup. Ct. 529, 51 L. Ed. 821. The determination of this question would involve a trial of the entire case upon motion to remand.

But, if we concede to the motion in this case all the force and effect of a plea to the jurisdiction, does it not still appear, as said in Studebaker v. Salina Waterworks Co., that:

"The case presented is one in which there is involved the right of defendant company to transact its business affairs, as by it attempted in this case, with all its customers in the city of Salina, and the value of this right, and not the amount demanded of complainant, is the subject-matter involved in the controversy with complainant."

According to plaintiff's view, there is involved the construction of a certain franchise and certain contracts under which the defendant claims the right to transact its business affairs in the city of Chillicothe. His contention is that the contractual relation between himself and defendant, so far as it affects water rates, is a perpetual one. If this be so, certainly an important right claimed by the defendant is

197 F.—30

at ·stake. If this be determined adversely to the defendant, it must lose a portion of its rate established, or retire from business. In due time also the amount concededly involved would ripen into the necessary jurisdictional amount. Defendant is not compelled to await this result. Scott v. Donald, 165 U. S. 107, 17 Sup. Ct. 262, 41 L. Ed. 648.

[3] Where the maintenance of rates is the real subject of dispute, and the object of the bill and the value of this object must be considered, this value not being liquidated or fixed by law, the alleged value, until the contrary be conclusively shown, must govern. Texas & P. Ry. Co. v. Kuteman, 54 Fed. 549, 4 C. C. A. 503.

I am of opinion that both from the standpoint of the actual amount ultimately involved,·and from that of the right claimed by defendant, which is thus essentially attacked, the jurisdiction of this court is established; and, even though the question be regarded a doubtful one, the same conclusion must be reached. Boatmen's Bank v. Fritzlen, 135 Fed. 650, 68 C. C. A. 288. While such a consideration would not be determinative of the issue here, it is pertinent to remark that litigation affecting this franchise ordinance and contracts under it is already before this court. It is far better that all matters relating thereto· should be finally determined and settled in a single jurisdiction. Nothing herein contained is intended to have any deciding effect upon questions affecting the merits as disclosed by the pleadings. The motion to remand will be overruled. Plaintiff will have leave to recast his pleading to conform to the rules of equity procedure in this jurisdiction, and, when this is done, defendant may seasonably plead thereto. Meantime the temporary injunction heretofore granted will remain in force until modified or dissolved by the further order of this court.