## ELLIOTT v. EMPIRE NATURAL GAS CO. et al.

(Circuit Court of Appeals, Eighth Circuit. March 7, 1925.)

No. 6413.

**1. Courts ⬡280—Circuit Court of Appeals should deny jurisdiction as to itself and court from which record comes, if it is apparent jurisdictional amount is not involved.**

Circuit Court of Appeals should deny jurisdiction as to itself and court from which record comes, if it is apparent from whole record and nature of case that jurisdictional amount is not involved.

**2. Courts ⬡329 — General allegation that amount in controversy exceeds jurisdictional requirement is insufficient, where record indicates the contrary.**

Allegation that amount in controversy exceeds jurisdictional requirement is insufficient to establish jurisdiction, where it is apparent from record that such amount is not involved.

**3. Courts ⬡328(1)—"Value of matter in controversy," within statute fixing jurisdiction, defined.**

"Value of matter in controversy," within Judicial Code, § 24 (Comp. St. § 991), means pecuniary result to either party which judg-

ment entered in case would directly produce, either at once or in future.

[Ed. Note.—For other definitions, see Words and Phrases, Value in Controversy.]

**4. Courts ⬡328(4) — Value of separable rights of one person against many, or many against one, may not be added together to bring amount in controversy within jurisdictional requirements.**

Where right, value of which is test of jurisdiction, under Judicial Code, § 24 (Comp. St. § 991), exists in favor of many persons as against one, or in favor of one against many, and is in its nature separable, then the separable values cannot be added together to bring the value of the matter in controversy, within jurisdictional requirements.

**5. Courts ⬡328(1)—Amount or value of right in dispute cannot be augmented for jurisdictional purposes by collateral effect a judgment may produce.**

Amount or value of right in dispute cannot be augmented for jurisdictional purposes by collateral effect judgment in case may produce.

**6. Courts ⬡328(4)—Suit to enjoin gas company from cutting off plaintiff's supply, or attempting by other coercive means to collect sum of $16, held not to involve jurisdictional amount.**

Suit against gas company to enjoin it from cutting off plaintiff's gas supply, or from attempting by other coercive means to collect $16 claimed by virtue of order of state Public Utilities Commission, *held* not to involve jurisdictional amount, under Judicial Code, § 24 (Comp. St. § 991), though judgment might have far-reaching collateral effect on defendant's claims against persons other than plaintiff.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit by Earl C. Elliott against the Empire Natural Gas Company and others. Decree for defendants, and plaintiff appeals. Reversed, and case remanded, with instructions to remand same to state court.

See, also, 298 F. 299.

Robert C. Foulston and George Siefkin, both of Wichita, Kan., for appellant.

H. O. Caster and Robert D. Garver, both of Bartlesville, Okl., for appellee Empire Natural Gas Co.

Before SANBORN and KENYON, Circuit Judges, and BOOTH, District Judge.

KENYON, Circuit Judge. This case is here on appeal from the District Court of the United States for the District of Kansas. Appellant brought action in the district court of Sedgwick county, Kan., against Empire Natural Gas Company, a Delaware

corporation, and Kansas Gas & Electric Company, a West Virginia corporation, appellees here, asking an injunction restraining them from cutting off the supply of natural gas which appellant was receiving from them, and from attempting to collect by means of such coercive methods the sum of $16, which appellee companies claimed to be due by virtue of a certain order made December 22, 1919, by the Public Utilities Commission for the state of Kansas, which permitted them to charge $2 per month per customer from January 1, 1920, in addition to rates theretofore charged for natural gas for such period as hereinafter referred to.

At the time the order was made by the Public Utilities Commission cases were pending in this court on appeal involving certain rights of the Wichita Natural Gas Company, predecessor in interest of Kansas Gas & Electric Company in the matter of rates for gas furnished to the inhabitants of various cities of Kansas, and the order provided that, if the said Wichita Natural Gas Company should prevail in these appeals, the local distributing companies could in each city charge and collect from each domestic consumer of gas therein, in addition to the regular rates, the sum of $2 every month from January 1, 1920, to the 1st day of the month following the determination of appeals. Without reviewing such litigation, it is sufficient to say that the same resulted in favor of the Wichita Natural Gas Company; decisions being rendered in this court on or about August 17, 1920. Appellant was notified on June 12, 1922, that he was indebted to appellees for the use of the Empire Natural Gas Company in the sum of $16, being the $2 per month provided for by the order of the Kansas Public Utilities Commission for a period of 8 months, and that unless he paid the bill within 48 hours, service of natural gas would be discontinued to his premises and would not be resumed until the bill was paid. The 8 months was the period from January 1, 1920, to the 1st day of the first month following the decision in this court before referred to. Appellant thereupon commenced this action.

The case was removed to the District Court of the United States for the District of Kansas, referred to a master, report made by him, which was confirmed by the court, and decision entered in favor of appellees herein. No question was raised in the trial court as to jurisdiction. Upon appeal and submission to this court it was apparent to us from the record then presented that jurisdiction in the federal court was lacking. Following the procedure laid down by this court in Larned v. Jenkins, 109 F. 100, 48 C. C. A. 252, we ordered the submission of the case set aside, and its replacement upon the calendar, with permission to counsel on either side to bring other parts of the record to the attention of the court, as bearing on the question of jurisdiction. This has been done, and an additional transcript of record filed, which contains the petition for removal from the district court of Sedgwick county, Kan., to the United States District Court.

[1, 2] As our attention to the question of jurisdiction was challenged in the former appeal (298 F. 299), it is natural that we again survey the record on this question; it being the duty of this court to deny jurisdiction as to itself and as to the court from which the record comes, if it is apparent from the whole record and the nature of the case that the jurisdictional amount is not really involved. A general allegation under such circumstances that the amount in controversy exceeds the jurisdictional requirement is of no avail. Garvin v. Kogler (C. C. A.) 272 F. 442; Norton et al. v. Larney (C. C. A.) 289 F. 395; Chicago, B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521; Vance v. W. A. Vandercook Co., 170 U. S. 648, 18 S. Ct. 674, 42 L. Ed. 1100; Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871; Morris v. Gilmer, 129 U. S. 315, 9 S. Ct. 289, 32 L. Ed. 690. Jurisdiction in this cause depends upon "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000." Judicial Code, § 24 (Comp. St. § 991).

What is the matter in controversy here, and does its sum or value exceed $3,000, exclusive of interest and costs? The matter in dispute is the alleged right to collect from appellant for 8 months the $2 per month extra charge allowed to appellees by the Public Utilities Commission of the state of Kansas for supplying natural gas to its consumers in the city of Wichita and to bring about payment by appellant by turning off the supply of gas being furnished to him. It is clear appellant has no right involved in the controversy equaling in value the jurisdictional amount. If appellant succeeds in his suit, the result is that appellees could not collect the $16 by shutting off the natural gas, or possibly in any other way.

If there is jurisdiction, it must be because of the value of appellees' alleged rights. Appellees claim in the petition for removal from the state court that the rights which it seeks to protect against the assault of appellant are of a sum or value equaling the jurisdictional requirement. Such claimed rights are twofold: (1) The right to collect a certain sum from the appellant under the order of the Public Utilities Commission for Kansas, and to collect like sums from other persons not parties to this cause, but who are similarly situated; (2) the right to shut off the gas being furnished to appellant and all other parties similarly situated, in order to force payment of said sums of $2 per month per consumer for a period of 8 months. This particular subdivision of section 24 of the Judicial Code, relating to "the matter in controversy" and "the sum or value of," has been the subject of much consideration by text-writers and by the courts. We refer to some of these enunciations.

In Foster on Federal Practice, § 13, the author states the rule as follows: "In a suit for an injunction, the value of the matter in dispute is that of the object of the bill, namely, the value, to the plaintiff, of the right for which he prays protection, or the value, to the defendant, of the acts of which the plaintiff prays prevention."

Rose's Code of Federal Procedure, § 129, note (g), is in part as follows: "In a suit for an injunction the matter in dispute is not determined by the amount which the complainant might recover at law for the acts complained of, but by the value of the right to be protected or the extent of the injury to be prevented by the injunction."

In Smith v. Adams, 130 U. S. 167, 175, 9 S. Ct. 566, 569 (32 L. Ed. 895), the court says: "By matter in dispute is meant the subject of litigation, the matter upon which the action is brought and issue is joined, and in relation to which, if the issue be one of fact, testimony is taken. It is conceded that the pecuniary value of the matter in dispute may be determined, not only by the money judgment prayed, where such is the case, but in some cases by the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment. Thus a suit to quiet the title to parcels of real property, or to remove a cloud therefrom, by which their use and enjoyment by the owner are impaired, is brought within the cognizance of the court, under the statute, only by the value of the property affected."

In Mississippi & Missouri Railroad Co. v. Ward, 2 Black, 485, 492 (17 L. Ed. 311), an attempt was made to abate the Rock Island bridge over the Mississippi river, the bill being filed on the theory that the bridge was an obstruction to navigation. No damages were asked. The Supreme Court said: "But the want of a sufficient amount of damage having been sustained to give the federal courts jurisdiction will not defeat the remedy, as the removal of the obstruction is the matter of controversy, and the value of the object must govern."

Whitman v. Hubbell (C. C.) 30 F. 81, was a suit to restrain the maintenance of an awning over a part of a street adjoining the plaintiff's premises. It was held that the matter in dispute was the value of the right to maintain the awning, and not the amount of damage done by it to the plaintiff.

In Texas & P. Ry. Co. v. Kuteman, 54 F. 547, 4 C. C. A. 503, the railroad company sought by an injunction to restrain a shipper from prosecuting in a state court a multiplicity of suits for freight overcharges. The court held that the maintenance of the schedule rate under which the charges were made was the real subject of dispute, and that jurisdiction was measured by the value of such right of maintenance.

In Butchers' & Drovers' Stockyards Co. v. Louisville & N. R. Co., 67 F. 35, 14 C. C. A. 290, the question arose on complaint regarding equal facilities for shipping cattle. The complaint alleged the damage by the refusal of such equal facilities exceeded $2,000, the then jurisdictional requirement. It was held that in the absence of plea to jurisdiction this allegation was sufficient.

In City of Hutchinson et al. v. Beckham et al., 118 F. 399, 55 C. C. A. 333, this court held that the amount there involved was the value of the complainant's right to conduct its business without being subjected to the burden of illegal license taxes imposed by a city ordinance, which was being enforced by the arrest of its employés.

In Riverside & A. Ry. Co. v. City of Riverside et al. (C. C.) 118 F. 736, a question arose concerning the right of a city to shut off the supply of electric power under a contract. The court held the amount or value in dispute for jurisdictional purposes was the value of complainant's right

under the contract, and not the amount of payments to be made thereunder.

In Board of Trade of City of Chicago v. Cella Commission Co. et al., 145 F. 28, 29, 76 C. C. A. 28, 29 (this court), the question of jurisdictional amount or value was raised, and the court said: "In a suit to enjoin a threatened or continued commission of certain acts the amount or value involved is the value of the right which the complainant seeks to protect from invasion, or of the object to be gained by the bill. It is not the sum he might recover in an action at law for the damage already sustained, nor is he required to wait until it reaches the jurisdictional amount."

In Studebaker v. Salina Waterworks Co. (D. C.) 195 F. 164, suit was brought by complainant to restrain defendant from cutting off its water service, threatened because of complainant's refusal to pay for meter water service furnished him by defendant. The court held that the allegations of the petition for removal presented a case in which there was involved a right of defendant company to transact its business affairs in the method it desired to pursue as to all its customers in the city of Salina, and that the value of the right, and not the amount demanded of complainant, was the subject-matter involved in the controversy with complainant.

In Martin v. City Water Co. of Chillicothe, Mo. (D. C.) 197 F. 462, the petition for removal from the state court alleged that the suit involved the question of the right of the company to maintain a metered service and to charge a meter rate for water, and that the amount in controversy exceeded, exclusive of interest and costs, $3,000. The court held that the right claimed by defendant to be at stake was sufficient to confer jurisdiction, and said: "In due time, also, the amount concededly involved would ripen into the necessary jurisdictional amount."

In Scott v. Donald, 165 U. S. 107, 17 S. Ct. 262, 41 L. Ed. 648, the defendant had threatened to seize and destroy the liquor imported by plaintiff into the state, the record showing that the party intended to import liquor of a value exceeding $2,000. Held, the jurisdictional amount sufficiently appeared.

In Berryman v. Board of Trustees of Whitman College, 222 U. S. 334, 32 S. Ct. 147, 56 L. Ed. 225, the college sought to enjoin the collection of a tax against it on the ground that it was exempt from taxation by contract. It was held the matter in dispute was the claimed right of exemption. The pecuniary result of the judgment there would be greater than the jurisdictional amount.

In Western & Atlantic Railroad v. Railroad Commission of Georgia et al., 261 U. S. 264, 43 S. Ct. 252, 67 L. Ed. 645, the Supreme Court, in a suit by a railroad attacking as unconstitutional a state order requiring it to use and operate an industrial spur track, found that the jurisdictional amount was involved; that the pecuniary amount involved included, not only the cost of construction, but interest thereon, and depreciation, maintenance, and operating expenses capitalized at a reasonable rate.

In Sovereign Camp, Woodmen of the World, v. E. E. O'Neill, B. F. Vaughan, R. H. Buck, et al., 45 S. Ct. 49, 69 L. Ed. —— (opinion filed on Supreme Court of the United States November 17, 1924), the question of jurisdiction is discussed. The court found that a conspiracy to prosecute by concert of action numerous baseless claims existed, and that this partook of the nature of a fraudulent conspiracy, and that in a suit to enjoin them from being separately prosecuted it must be deemed to tie together such several claims as one claim for jurisdictional purposes. The action was brought by the Sovereign Camp, Woodmen of the World, against 25 of its members, citizens of Texas, who had brought 25 separate actions at law against the society in a Texas court to recover various amounts; each one claiming, however, less than $3,000. The trial court dismissed the bill on the ground that the court was without jurisdiction, the requisite jurisdictional amount not being present. The Supreme Court reversed this, holding jurisdiction existed.

It would unduly extend this opinion to refer to numerous other cases where jurisdiction has been sustained. We find none closely in point. No rules as to how jurisdictional amount shall be arrived at can be laid down governing every case, for there are different shades of fact differentiating the various cases, and each one is dependent upon its own particular facts and circumstances.

This case is not claimed to be what is sometimes termed a class case. No one here is suing to maintain any one else's right. Appellant is a single litigant, suing for himself alone; he speaks for none other. There is no question of joint or common, undisputed, united interest collectively ag-

gregating the jurisdictional amount, as discussed in Troy Bank v. G. A. Whitehead & Co., Inc., 222 U. S. 39, 32 S. Ct. 9, 56 L. Ed. 81; Eberhard et al. v. Northwestern Mut. Life Ins. Co., 241 F. 353, 154 C. C. A. 233; Louisville & N. R. Co. v. Smith et al., 128 F. 1, 63 C. C. A. 1; Cowell et al. v. City Water Supply Co. et al., 121 F. 53, 57 C. C. A. 393; Local Union No. 497, etc., v. Joplin & P. Ry. Co. (C. C. A.) 287 F. 473.

The question involved is not the value of the right to conduct a business unmolested and uninterfered with, as in Bitterman v. Louisville & Nashville R. R. Co., 207 U. S. 205, 28 S. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693; Hunt v. New York Cotton Exchange, 205 U. S. 322, 27 S. Ct. 529, 51 L. Ed. 821; City of Hutchinson et al. v. Beckham et al., 118 F. 399, 55 C. C. A. 333; Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U. S. 121, 36 S. Ct. 30, 60 L. Ed. 174; Board of Trade v. Cella Commission Co., 145 F. 28, 76 C. C. A. 28.

The question of the value of a right to maintain a schedule of rates, as in Texas & P. Ry. Co. v. Kuteman, 54 F. 547, 4 C. C. A. 503, is not here. If this penalty can be termed a rate, it had ended nearly 2 years before the attempt was made to collect.

It is not a case where the amount involved will ripen within any reasonable time into the jurisdictional amount, as in Martin v. City Water Co. of Chillicothe, Mo. (D. C.) 197 F. 462. It will never be more than the $16, plus interest. It is not a question of a right under a contract equaling in value the jurisdictional amount, as in Riverside & A. Ry. Co. v. City of Riverside et al. (C. C.) 118 F. 736; Berryman v. Board of Trustees of Whitman College, 222 U. S. 334, 32 S. Ct. 147, 56 L. Ed. 225. Nor is it a case where the pecuniary result of a judgment for or against plaintiff would be more than the jurisdictional amount as in Hunt v. New York Cotton Exchange, 205 U. S. 322, 27 S. Ct. 529, 51 L. Ed. 821; W. & A. R. R. v. R. R. Comm., 261 U. S. 264, 43 S. Ct. 252, 67 L. Ed. 645; McNeill v. Southern Ry. Co., 202 U. S. 543, 26 S. Ct. 722, 50 L. Ed. 1142; Bitterman v. Louisville & Nashville R. R. Co., 207 U. S. 205, 28 S. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693.

Any judgment in this case settles nothing, except the right of appellees to collect from this particular appellant and to collect by the coercive method threatened.

4 F.(2d)—32

As far as the alleged rights of appellees are related to appellant they amount in value to $16. If appellees should win the case, they are at liberty to use the coercive measure of collection by shutting off the natural gas. Of course, the decision of the case may have an effect upon the thousands of other consumers of natural gas in the city of Wichita, and it may not. So far as this record is concerned, we are not advised whether they have paid the additional rate of $2 for the 8 months. If they have not, a decision of the federal court that the order of the Public Utilities Commission of December 22, 1919, was void, and that collection of the $2 per month could not be made, would not tend to instill in them a desire to pay it. On the other hand, a decision of the court that the order was legal, and that such coercive measures could be used, might accelerate payments. All this would indirectly bear on the value of appellees' rights. It is perfectly apparent, however, that the value of the matter in dispute in this particular case between these particular parties, unaffected by its relationship to other parties similarly situated, is $16 and no more. If, in arriving at a value of a right claimed, a court may consider the value of such right as augmented by its relationship to and effect upon other persons not parties to the case, then the door to federal jurisdiction would be opened wide.

[3, 4] Many cases decided in the courts affect others indirectly who are not parties thereto. The alleged rights of appellees as against others who are not parties to the suit are not in dispute in this case, within the meaning of the statute. We think "the value of the matter in controversy," as the term is used in section 24 of the Judicial Code, means the pecuniary result to either party which the judgment entered in the case would directly produce, either at once or in the future. Where the right (the value of which is taken as the test) exists in favor of many persons as against one, or in favor of one as against many, and in its nature is separable, then the separable values cannot be added together to make the jurisdictional sum, and the separable value furnishes the jurisdictional test. These propositions are abundantly sustained by decisions of the federal courts.

The leading case is Elgin v. Marshall, 106 U. S. 578, 582, 1 S. Ct. 484, 488 (27 L. Ed. 249). The question was there raised as to whether the amount involved in the suit was sufficient to give the Supreme Court

jurisdiction of the writ of error to review the judgment upon interest coupons against the town of Elgin, Minn., in the sum of $1,660. These coupons were detached from bonds amounting to $7,500 issued under the Minnesota statutes. The defense to the suit was the unconstitutionality of the issue of the bonds. The court held that the jurisdictional amount was limited to the amount involved in the suit, viz. .$1,660. The Supreme Court there said (page 582, 1 S. Ct. 488): "Indeed, so strictly has it been applied that, in cases where, although the entire matter in dispute in the suit exceeds in value the jurisdictional limit, nevertheless, if there are several and separate interests in that sum, belonging to distinct parties, and constituting distinct causes of action, although actually united in one suit and growing out of the same transaction, the jurisdiction of the court has been constantly denied." And the court also said (pages 579, 580, 1 S. Ct. 486): "In our opinion, sections 691 and 692, Rev. Stat., which, as amended by section 3 of Act Feb. 16, 1875, c. 77, limit the jurisdiction of this court, on writs of error and appeal, to review final judgments in civil actions, and final decrees in cases of equity and of admiralty and maritime jurisdiction, to those where the matter in dispute, exclusive of costs, exceeds the sum or value of $5,000, have reference to the matter which is directly in dispute, in the particular cause in which the judgment or decrees sought to be reviewed has been rendered, and do not permit us, for the purpose of determining its sum or value, to estimate its collateral effect in a subsequent suit between the same or other parties." See, also, Parker v. Morrill, 106 U. S. 1, 1 S. Ct. 14, 27 L. Ed. 72.

In Opelika City v. Daniel, 109 U. S. 108, 3 S. Ct. 70, 27 L. Ed. 873, the Supreme Court followed Elgin v. Marshall, supra, stating that jurisdiction depended on "the matter which is directly in dispute in the particular cause in which the judgment or decree sought to be reviewed has been rendered," and that the court was not permitted "for the purpose of determining its sum or value, to estimate its collateral effect in a subsequent suit between the same or other parties."

In Bruce v. Manchester & Keene R. R., 117 U. S. 514, 516, 6 S. Ct. 849 (29 L. Ed. 990), action was brought by Bruce, a citizen of Illinois, and Shepard, a citizen of Massachusetts, to collect interest on certain bonds of the Manchester & Keene Railroad. The bill was filed in behalf of the complainants and of other like creditors, not citizens of New Hampshire, although no such creditors connected themselves with the suit. The interest unpaid did not amount to $3,000. The court dismissed the complaint, because the jurisdictional amount did not appear, and followed the rule laid down in Elgin v. Marshall, supra. Speaking of the complainants, it said: "They sued for themselves and all others in like situation who might join with them, but no one saw fit to join. They were allowed to proceed alone, and the payment to them of their interest would have been a bar to the further prosecution of the suit. So, if a decree had been rendered in their favor without others joining in the suit, either by petition or by proof before a master, or otherwise, it would have been satisfied by the payment of the amount found due to them, and no further proceedings could thereafter be had."

In Market Co. v. Hoffman, 101 U. S. 112, 113 (25 L. Ed. 782), some 200 persons occupying market stalls in the market of the Washington Market Company brought suit to enjoin the putting up at auction leases of these stalls for a series of years. The court said: "While it may be true that, if Hoffman was the sole complainant, the amount in controversy would be insufficient to justify an appeal either by him or the company, the case is one of 206 complainants suing jointly, the decree is a single one in favor of them all, and in denial of the right claimed by the company, which is of far greater value than the sum which, by the act of Congress, is the limit below which an appeal is not allowable. It is averred under oath in the pleadings that the sale which the company proposed to make, and the court below enjoined, would have realized to the company more than $60,000. Of this benefit the decree deprives them. It is very plain, therefore, that the appeal is one within our jurisdiction." The pecuniary result there, whichever way the judgment went, would be greater than the necessary jurisdictional amount. It is to be noted that the court said that, if Hoffman were the sole complainant, the amount in controversy would be insufficient to justify an appeal either by him or by the company. That case is very much in point, and the obiter dictum of the court fits the present case.

In Gibson v. Shufeldt, 122 U. S. 27, 29, 7 S. Ct. 1066, 1067 (30 L. Ed. 1083), the court, reviewing a large number of cases,

discusses the question of "the matter in dispute," and the value thereof with reference to the appellate jurisdiction of the Supreme Court, and says: "The sum or value really in dispute between the parties in the case before this court, as shown by the whole record, is the test of its appellate jurisdiction, without regard to the collateral effect of the judgment in another suit between the same or other parties." Also (page 39, 7 S. Ct. 1072): "The sole matter in dispute, therefore, is between the defendants and each plaintiff as to the amount which the latter shall recover; and the motion to dismiss the appeal of the defendants as to all the plaintiffs, except the one whose debt exceeds $5,000, must be granted."

In The Sydney, 139 U. S. 331, 336, 11 S. Ct. 620, 621 (35 L. Ed. 177), the court said: "The principle of the case of Elgin v. Marshall, that the sum or value really in dispute between the parties in the case before this court, as shown by the whole record, is the test of its appellate jurisdiction, without regard to the collateral effect of the judgment in another suit between the same or other parties, has since been repeatedly affirmed by this court, and that case cited and approved."

In New England Mortgage Security Co. v. Gay, 145 U. S. 123, 130, 12 S. Ct. 815, 816 (36 L. Ed. 646), the court said: "It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur."

In Walter v. Northeastern Railroad Co., 147 U. S. 370, 373, 374, 13 S. Ct. 348 (37 L. Ed. 206), objection was taken to the jurisdiction of the court below upon the ground that the matter in controversy with each of the defendants was less than the jurisdictional requisite. The court said: "Is the plaintiff entitled to join them all in a single suit in a federal court, and sustain the jurisdiction by reason of the fact that the total amount involved exceeds $2,-000? We think not. It is well settled in this court that when two or more plaintiffs, having several interests, unite for the convenience of litigation in a single suit, it can only be sustained in the court of original jurisdiction, or on appeal in this court, as to those whose claims exceed the jurisdictional amount, and that when two

or more defendants are sued by the same plaintiff in one suit the test of jurisdiction is the joint or several character of the liability to the plaintiff. * * * In short, the rule applicable to several plaintiffs having separate claims, that each must represent an amount sufficient to give the court jurisdiction, is equally applicable to several liabilities of different defendants to the same plaintiff."

In Colvin v. Jacksonville, 158 U. S. 456, 15 S. Ct. 866, 39 L. Ed. 1053, it was held that in a suit to restrain the issue of bonds by a municipal corporation the jurisdiction of the Circuit Court was determined by the amount of the interest of the complainant, and not by the amount of the issue of bonds.

In Fishback v. Western Union Telegraph Co., 161 U. S. 96, 16 S. Ct. 506, 40 L. Ed. 630, it was held that the Circuit Court of the United States had no jurisdiction of a bill to enjoin the collection of separate county taxes by separate county officers in the state of Arkansas against the Western Union Telegraph Company on its line in each of said counties in that state, when the amount of the tax in each one of the counties is less than the jurisdictional amount; that the various county assessments could not be aggregated to make up the jurisdictional amount; and the court ruled that the record did not show that the amount of any one of the different county assessments equaled the jurisdictional sum.

In Edwards v. Bates County, 163 U. S. 269, 16 S. Ct. 967, 41 L. Ed. 155, it was held that the matured coupons on municipal bonds are to be treated as separable, independent promises in determining jurisdictional amount, and not as interest upon the bond.

In Citizens' Bank v. Cannon, 164 U. S. 319, 17 S. Ct. 89, 41 L. Ed. 451, it was held that jurisdiction could not be conferred on a Circuit Court of the United States by joining in one bill against distinct defendants claims no one of which reaches the jurisdictional amount.

In Wheless v. St. Louis et al., 180 U. S. 379, 382, 21 S. Ct. 402, 403 (45 L. Ed. 583), owners of lots filed a bill to restrain the assessment against them of the cost and expense of improving a public street. The court held that, as neither one of the complainants would be required to pay the jurisdictional amount in respect of lots involved, there was no jurisdiction. The court said: "The 'matter in dispute,' within the

meaning of the statute, is not the principle involved, but the pecuniary consequence to the individual party, dependent on the litigation, as, for instance, in this suit, the amount of the assessment levied, or which may be levied, as against each of the complainants separately. The rules of law which might subject complainants to or relieve them from assessment would be applicable alike to all, but each would be so subjected, or relieved, in a certain sum, and not in the whole amount of the assessment. If a decision on the merits were adverse to the assessment, each of the complainants would be relieved from payment of less than $2,000. If the assessment were sustained, neither of them would be compelled to pay so much as that."

In Rogers v. Hennepin County, 239 U. S. 621, 36 S. Ct. 217, 60 L. Ed. 469, action was brought by a number of complainants to restrain the collection of tax separately assessed against each. The aggregate exceeded the jurisdictional amount, but the separate tax for no one equaled it. It was held the District Court did not have jurisdiction, that the demands against all complainants could not be aggregated to confer jurisdiction, and the amount as to each complainant was the amount charged against him.

In Scott et al. v. Frazier et al., 253 U. S. 243, 244, 40 S. Ct. 503 (64 L. Ed. 883), the court says: "There is no allegation that the loss or injury to any complainant amounts to the sum of $3,000. It is well settled that in such cases as this the amount in controversy must equal the jurisdictional sum as to each complainant. Wheless v. St. Louis, 180 U. S. 379; Rogers v. Hennepin County, 239 U. S. 621."

In Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871, which was a suit by a single creditor of an alleged insolvent corporation for himself and others, praying for a receiver, an injunction, and a distribution of the assets, it was held that the amount claimed to be owing to the individual creditor was what governed, and, this being less than the jurisdictional amount, the court had no jurisdiction.

In Cowell et al. v. City Water Supply Co. et al., 121 F. 53, 57, 57 C. C. A. 393, 397, this court, after referring to a large number of cases on the subject of jurisdiction, says: "Perhaps these cases sufficiently illustrate and establish the rule that it is the amount or value of that which the complainant claims to recover, or the sum or value of that which the defendant will lose if the complainant succeeds in his suit, that constitutes the jurisdictional sum or value of the matter in dispute, which tests the jurisdiction of the Circuit Courts of the United States."

In Eberhard et al. v. Northwestern Mut. Life Ins. Co., 241 F. 353, 154 C. C. A. 233, suit was brought by certain holders of policies against defendant insurance company for an accounting and for an injunction on account of diversion of funds. It was held that the individual amount of a single plaintiff, and not the aggregate, governed, and, there being no one having an amount greater than $3,000, the court had no jurisdiction.

The court in Wetsel et al. v. Empire Gas & Fuel Co. (C. C. A.) 264 F. 865, 869, followed Elgin v. Marshall, supra, saying: "Controlling decisions show that, in determining whether a jurisdictional requirement as to the sum or value of the matter in controversy is met, there should not be taken into consideration the value of a thing about which, under the issues in the suit, the court is not called on to concern itself in any way."

[5, 6] Testing the present case by Elgin v. Marshall, and the line of cases following it, and by the decision of this court in Cowell v. City Water Supply Co., 121 F. 53, 57 C. C. A. 393, what is the result? The matter in dispute is not some controversy between appellees and other citizens of Wichita regarding the collection of the $2 per month rate; it is the matter directly involved in the particular case, and relates only to the parties thereto. The amount or value of the right in dispute cannot be augmented by the collateral effect a judgment in the case may produce. It is what the appellees will directly lose in this suit that determines the jurisdictional value of the matter involved. It is not what they may lose as an indirect result of this suit. It cannot well be denied that the right of appellees to collect from other persons, if they have not paid, who are similarly situated to the plaintiff, may be collaterally involved, and the right of the defendant to shut off the natural gas unless the $2 per month is paid may as to other parties be collaterally involved, as we have heretofore pointed out; but these rights are not directly involved, and as between the parties to this case, the pecuniary result of any judgment is less than $3,000.

In view of our conclusion as to want of jurisdiction in the trial court, we re-

frain from discussion of other questions involved. The decree and judgment of the trial court should be reversed, and the case remanded, with instructions to the trial court to in turn remand the same to the state court of Sedgwick county, Kan.; and it is so ordered.

Reversed.